**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | |
|---|---|
| **DAWN M. WHITE and** )<br>**PATRICK J. WHITE,** )<br> )<br> **Plaintiffs,** )<br> )<br>**v.** )<br> )<br>**UNITED STATES OF AMERICA,** )<br> )<br> **Defendant.** ) | **Case No.  2:21-cv-667-RHA-CWB** |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiffs Dawn M. White and Patrick J. White brought this action under the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq*., to recover damages for alleged medical malpractice. (Docs. 1 & 23).  Pursuant to 28 U.S.C. § 636, the action was referred to the Magistrate Judge "for further proceedings and determination or recommendation as may be appropriate." (Doc. 6). Having considered the pleadings and annexed evidentiary materials, the undersigned hereby recommends that the government's motion to dismiss (Doc. 25) be granted.

I.      **Background**

Mrs. White at all relevant times received primary health care through a government operated medical clinic at Maxwell Air Force Base in Montgomery, Alabama.  (Doc. 23 at p. 3). As part of her treatment for migraine headaches, Mrs. White was prescribed the medication Maxalt. (*Id*. at p. 4).  After having taken Maxalt periodically for several years, Mrs. White suffered a severe cardiac event on January 2, 2014 that allegedly led to anoxic encephalopathy and numerous associated disabilities.  (Doc. 23 at pp. 4-5; Doc. 23-2).

1

On or about October 4, 2017, an administrative claim was submitted on behalf of Mrs. White by her husband.  (Doc. 19-1).  The claim specifically sought to recover for "Non-ischemic Cardio Myopathy, and Anoxic Encephalopathy resulting in permanent and 100% disability requiring 24-hour supervision."  (*Id*.).  The claim additionally included a letter asserting that in the immediate aftermath of her January 2, 2014 medical emergency, Mrs. White's treating providers at Baptist Hospital had disclosed a potential connection with the medication Maxalt.  (*Id*. at pp. 3-4). The letter went on to explain that an administrative claim had not been filed earlier "due to the possibility of continued improvement in [Mrs. White's] condition."  (*Id*. at p. 4).

The administrative claim was formally denied by the Department of the Air Force on June 30, 2021.  (Doc. 23-5).  Plaintiffs then filed a Statement of Claim in this court on October 7, 2021 to assert a single count for medical malpractice.  (Doc. 1).  In response to Plaintiffs' request to supplement the record with additional supporting materials, the court afforded an opportunity to file an amended complaint (Doc. 20), and Plaintiffs thereafter submitted an amended Statement of Claim on April 22, 2022 (Doc. 23).  The amendment likewise contained a single count for medical malpractice on grounds that Mrs. White had been negligently prescribed Maxalt without proper assessment of her medical history and without proper disclosure of potential adverse effects.  (*Id*. at p. 5).  The amended Statement of Claim also attached and referenced numerous evidentiary exhibits.  (Doc. 23; Docs. 23-1 to 23-14).

Citing Rule 12(b)(6) of the Federal Rules of Civil Procedure, the government has moved for a dismissal of this action in its entirety.  (Doc. 25).  First, the government contends that dismissal is required because the action was commenced on behalf of Mrs. White by a non-attorney.  (*Id*. at pp. 5-6).  Second, the government contends that the action should be dismissed due to noncompliance with the two-year limitations period for submitting an administrative claim

under the Federal Tort Claims Act.  (*Id*. at pp. 7-8).  Finally, the government contends that the action is barred by the four-year rule of repose found in the Alabama Medical Liability Act.  (*Id*. at pp. 9-10).  Alternatively, the government contends that Patrick J. White at a minimum should be dismissed as a plaintiff in his individual capacity.  (*Id*. at p. 10-11).

## II.    Legal Standard

To survive a motion to dismiss under Rule 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* When deciding a motion under Rule 12(b)(6), "[t]he court accepts the plaintiff's allegations as true" and "construes them most favorably to the plaintiff."  *Id.* (citations omitted).  Nonetheless, "[d]ismissal under Rule 12(b)(6) on statute of limitations grounds is appropriate if it is apparent from the face of the complaint that the claim is time-barred."  *Berman v. Blount Parrish & Co., Inc.*, 523 F.Supp. 2d 1298, 1300 (M.D. Ala. 2007).

The Federal Tort Claims Act provides a limited waiver of sovereign immunity and generally permits tort liability to attach against a governmental entity "in the same manner and to the same extent as a private individual under like circumstances … ."  28 U.S.C. § 2674; *Dalrymple v. United States*, 460 F.3d 1318, 1324 (11th Cir. 2006).  That waiver of sovereign immunity, however, is expressly conditioned upon exhaustion of administrative review, which in turn requires an administrative claim to be submitted "within two years after such claim accrues." 28 U.S.C. §§ 2401(b) & 2675(a).  Medical malpractice claims against the government also must satisfy the substantive requirements of the Alabama Medical Liability Act.  Ala. Code § 6-5-482.

III.     **Discussion**

A.  **Claims asserted by Patrick J. White**

The Statement of Claim, as amended, contains no request for relief by Mr. White in his individual capacity.  (Doc. 23).  Moreover, in response to the government's motion to dismiss, Mr. White expressly confirmed that he "does not now, nor has he ever, intended to be considered a plaintiff in this action."  (Doc. 28 at p. 6).  By his own admission, Mr. White instead is attempting to assert a claim only in a representative capacity on behalf of Mrs. White.  (*Id.*).

Although parties are permitted to represent themselves, *see* 28 U.S.C. § 1654, "[t]he right to appear *pro se* ... is limited to parties conducting 'their own cases,' and does not extend to non-attorney parties representing the interests of others."  *Fuqua v. Massey*, 615 F.App'x 611, 612 (11th Cir. 2015) (citation omitted); *Martino v. Campbell*, No. 8:21-CV-1636, 2021 WL 5923047, at *5 (M.D. Fla. Sept. 17, 2021), *report and recommendation adopted*, No. 8:21-CV-1636, 2021 WL 5049928 (M.D. Fla. Nov. 1, 2021) ("Insofar as Petitioner seeks to proceed *pro se* to assert claims on behalf of her [incapacitated] father, Mr. Martino, Petitioner is unable to do so. The law of this circuit prohibits non-attorneys from proceeding *pro se* in an action brought on behalf of another."); *Binns v. Comm'r of Soc. Sec.*, No. 1:11-CV-1984, 2011 WL 13319166, at *3 (N.D. Ga. June 29, 2011), *report and recommendation adopted*, No. 1:11-CV-1984, 2011 WL 13319176 (N.D. Ga. Aug. 1, 2011) ("[A] guardian may not appear *pro se* in a case in federal court involving her ward.").  When a non-attorney attempts to represent a party, the pleadings typically are deemed a nullity and subject to dismissal.  *See Wint by & through Wint v. Fla. Palm Beach Sheriff*, 842 F.App'x 468, 471 (11th Cir. 2021), *cert. denied sub nom. Wint By & Through Wint v. Bradshaw*, 141 S. Ct. 2578 (2021) ("Ordinarily, if a party is represented by a non-attorney, a court may dismiss without prejudice.").

The court observes, however, that the Statement of Claim, both in its original form and as amended, was executed jointly by Mr. White and Mrs. White.  (Docs. 1 & 23).  The court therefore concludes that Mrs. White is authorized to proceed on a *pro se* basis but states that any future filings should be made exclusively by Mrs. White on her own behalf or through a duly licensed attorney.  To the extent Mr. White has appeared in these proceedings "on behalf of" Mrs. White, the court finds that his participation has been a nullity and that the government's motion to dismiss is due to be granted in that regard.

### B.  Claims asserted by Dawn M. White

The underlying claim of medical malpractice stems from Mrs. White's allegedly being prescribed Maxalt without a proper assessment of her past medical history and a recognition of contraindications.  (Doc. 1 at p. 4; Doc. 23 at pp. 4-5).  It also is alleged that Mrs. White was never warned of possible side effects associated with Maxalt so as to have given informed consent.  (*Id*.).  Because the prescribing clinic was operated by the United States Air Force, Mrs. White is seeking relief against the United States government pursuant to the limited waiver of sovereign immunity afforded under the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq*.

In order for a claimant to take advantage of that limited wavier of sovereign immunity, an administrative claim "must be presented in writing to the appropriate Federal agency within two years after such claim accrues … ."  *See* 28 U.S.C. § 2401(b).  A claim for medical malpractice "accrues 'when the plaintiff knows both the existence and the cause of his injury.'"  *McCullough v. United States*, 607 F.3d 1355, 1358-59 (11th Cir. 2010) (citation omitted).  Here, the materials submitted by Mrs. White reflect that the potential connection between Maxalt and her medical emergency was disclosed by health care providers as early as her immediate treatment in January 2014 (Doc. 23-2); yet an administrative claim was not submitted until October 2017

(19-1).  The administrative claim, and *ipso facto* this civil action, therefore appear to violate the Federal Tort Claims Act's two-year limitations period for initiating administrative review.

Mrs. White counters by asserting that the doctrine of equitable tolling should be applied to excuse any procedural untimeliness "due to her mental incapacity."  (Doc. 28 at p. 5).  Whether equitable tolling can extend the limitations period under the Federal Tort Claims Act was an issue long debated among jurisdictions, with competing conclusions, until the United States Supreme Court settled the debate in favor of tolling.  *See United States v. Wong*, 575 U.S. 402, 412 (2008) ("The time limits in the FTCA are just time limits, nothing more. Even though they govern litigation against the Government, a court can toll them on equitable grounds.").  It is now clear that the doctrine of equitable tolling is available to save an otherwise untimely claim under the Federal Tort Claims Act "when a petitioner shows (1) that he pursued his rights diligently, and (2) that some 'extraordinary circumstance' prevented a timely filing."  *Lowe v. Florida Dept. of Corrections*, 679 F.App'x 756, 758 (11th Cir. 2017).[1]

In support of her equitable tolling argument, Mrs. White relies on an October 26, 2017 letter from Dr. Ashish Vyas stating that "she will always have significant cognitive impairments and somewhat impairment of function, and I do not expect that she will have any major improvement, that she can be able to return to office work."  (Doc. 28 at p. 5; *see also* Doc. 23-4).  Although the court finds such support insufficient to demonstrate a right to equitable tolling, the court cannot conclude from the current state of the record that no set of circumstances exist under which equitable tolling might be appropriate.  Sufficient information regarding the extent and duration of Mrs. White's mental deficits simply cannot be determined from the face of the

---

[1] It is equally recognized that "equitable tolling is an 'extraordinary remedy' that should be used 'sparingly.'"  *Echemendia v. United States*, 710 F.App'x 823 (11th Cir. 2017) (citing *Arce v. Garcia*, 434 F.3d 1254, 1261 (11th Cir. 2006)).

pleadings and annexed evidentiary materials.  No matter how high the burden might be for a party to establish equitable tolling on the basis of mental disability—and the burden is indeed lofty—it would be inappropriate for the court to make a conclusive determination at this preliminary stage. Such a fact-dependent argument is better suited for resolution upon a more fully developed record.

Before allowing this case to proceed to discovery, however, the court must be satisfied that all other threshold hurdles have been cleared.  It is axiomatic that medical malpractice claims against the government, even though brought under the framework of the Federal Tort Claims Act, are controlled by the substantive law of the state in which the alleged malpractice occurred.  *See* 28 U.S.C. § 1346(b)(1); *Rushing v. United States*, 288 F.App'x 616, 620 (11th Cir. 2008).  Because the alleged medical malpractice suffered by Mrs. White occurred in Alabama, and because the Federal Tort Claims Act only permits liability against the government to the extent liability would exist against a private party, the court must examine carefully the Alabama Medical Liability Act, Ala. Code § 6-5-480 *et seq.*

As pertinent here, the Alabama Medical Liability Act contains a four-year rule of repose that eliminates any need for the court or the parties to further address Mrs. White's mental state. Section 6-5-482(a), Ala. Code 1975, expressly provides that "<u>in no event</u> may the action be commenced more than four years after such act [of alleged malpractice]."  (Emphasis added). Unlike the general two-year statute of limitations for asserting medical malpractice claims, which can be tolled on various statutory grounds including mental defect, § 6-5-482(b) reiterates "that <u>notwithstanding any provisions of such sections</u>, no action shall be commenced more than four years after the act, omission, or failure complained of … ."  (Emphasis added); *Ex parte Hodge*, 153 So. 3d 734, 745 (Ala. 2014) (recognizing that the four-year period in § 6-5-482 is a period of

repose); *see also Thomas Jefferson Foundation, Inc. v. Jordan*, 200 So. 3d 645, 653-54 (Ala. 2016) (explaining that rules of repose are matters of substantive law and are not subject to tolling). [2]

The Eleventh Circuit has recognized that state law rules of repose are controlling in this context. *See Simmons v. United States*, 421 F.3d 1199 (11th Cir. 2005) (affirming dismissal where medical malpractice action was filed after expiration of the statutory period of repose); *see also Simmons v. Sonyika*, 394 F.3d 1335 (11th Cir. 2004) (certifying question to Georgia Supreme Court to ensure proper application of state law rule of repose in medical malpractice action).[3] The court therefore is compelled to find this action time barred notwithstanding any potential degree to which Mrs. White might suffer from mental deficits. *See Ex parte Sonnier*, 707 So. 2d 635, 640 (Ala. 1997) (holding that circumstances "can toll the running of the limitations period" under the Alabama Medical Liability Act but "cannot operate to extend the date beyond the four-year period of repose").

---

[2] Unlike statutes of limitation, where timeliness is measured from the date a claim accrues, rules of repose are based solely upon the passage of time from the date of the wrongful act. *See, e.g., Boshell v. Keith*, 418 So. 2d 89, 91 (Ala. 1982) ("[T]he only element of the rule of repose is time. It is not affected by the circumstances of the situation, by personal disabilities, or by whether prejudice has resulted or evidence obscured."). The four-year rule of repose under the Alabama Medical Liability Act begins to run upon "the act, omission, or failure complained of." Ala. Code § 6-5-482(b). Perhaps it could be debated whether the measuring date would be the first instance that Mrs. White was prescribed Maxalt in February 2010 (Doc. 7-16 at p. 6) or whether it would be the last such instance in December 2013 (*Id*. at p. 4). It is unnecessary for the court to take up that debate, however, as even the subsequent date of Mrs. White's actual injury is well outside the four-year repose period.

[3] *See also Spann v. United States*, No. 11-cv-23178-KMM, 2012 WL 3776684, *5 (S.D. Fla. Aug. 30, 2012) ("Therefore, any Plaintiff who did not bring their claim within four years of their colonoscopy is barred under Florida's statute of repose."). That view appears consistent among numerous other circuits. *See Bennett v. United States*, 44 F.4th 929 (9th Cir. 2022); *Augutis v. United States*, 732 F.3d 749 (7th Cir. 2013); *Huddleston v. United States*, 485 F.App'x 744 (6th Cir. 2012); *Smith v. United States*, 430 F.App'x 246 (5th Cir. 2011); *Anderson v. United States,* 669 F.3d 161 (4th Cir. 2011).

### IV.    Conclusion

Based upon the foregoing, the Magistrate Judge hereby RECOMMENDS as follows:

- that the government's motion to dismiss (Doc. 25) be GRANTED as to all claims asserted by Patrick J. White and that Patrick J. White be DISMISSED as a party plaintiff;

- that the government's motion to dismiss (Doc. 25) be GRANTED as to all claims asserted by Dawn M. White and that all claims asserted by Dawn M. White be DISMISSED as barred by the four-year rule of repose under Ala. Code § 6-5-482.

It is further ORDERED that, by October 18, 2022, the parties may file written objections to this Recommendation.  An objecting party must identify the specific portion of the factual findings or legal conclusions to which the objection is made and must describe in detail the basis for the objection.  Frivolous, conclusive, or general objections will not be considered.

Failure to file a written objection to this Recommendation shall bar a party from a de novo determination by the District Court of any factual findings or legal conclusions contained herein and shall waive the right of the party to challenge on appeal any subsequent order that is based on factual findings and legal conclusions accepted or adopted by the District Court, except upon grounds of plain error or manifest injustice.  11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this the 4th day of October 2022.

_____
**CHAD W. BRYAN**
**UNITED STATES MAGISTRATE JUDGE**